IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

UNITED STATES OF AMERICA                    3:98-CR-56-MA

       Plaintiff-Respondent,                OPINION AND ORDER

v.

JORGE BRAVO-BRAVO,
aka Jesus Andrade-Perez

       Defendant-Petitioner.

S. AMANDA MARSHALL
United States Attorney
JOHN F. DEITS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1016

     Attorneys for Plaintiff-Respondent

ANDREW FISHKIN
1215 "L" Street
Bakersfield, CA 93301
(661) 322-6776

     Attorney for Defendant-Petitioner

1 - OPINION AND ORDER

MARSH, Judge.

The matter is before the Court on defendant's Petition for Writ of *Audita Querela*, or in the alternative, for Writ of *Coram Nobis* (doc. 50). For the following reasons, the court **DENIES** the Petition.

## BACKGROUND

In 1998, defendant Jorge Bravo-Bravo, aka Jose Perez Andrade, was convicted in this court of possession with intent to distribute methamphetamine and sentenced to 70 months imprisonment. In reaching that sentence, the court determined that, under the Sentencing Guidelines in effect at the time, defendant's assigned Criminal History Category of IV, with a sentencing range of 84-105 months, over-represented the seriousness of his past criminal conduct. Accordingly, the court granted a downward departure to Criminal History Category III resulted in the 70 month sentence, which is at the low end of the sentencing guideline range of 70-87 months.

At the time he was sentenced, defendant's criminal history included a 1995 California conviction for Possession of Cocaine for Sale. Accordingly, that conviction, was a factor in the 1998 sentence he received in this court.

In January 2010, however, a California court vacated defendant's 1995 conviction for Possession of Cocaine for sale and in its place, convicted him of <u>Simple</u> Possession of Cocaine.

2 - OPINION AND ORDER

In March 2011, defendant was indicted in the Eastern District of California on a charge of Illegal Reentry. Defendant contends the subsequently modified 1995 California conviction will have a snowballing effect on the sentence he is likely to receive in the Eastern District of California on the pending charge in that it adversely impacted his 1998 federal sentence, which in turn, will adversely impact the Criminal History Category into which he is placed for purposes of sentencing on the pending illegal reentry charge.

In light of the above, defendant now seeks to vacate his plea and sentence in the earlier 1998 federal case, in order to "Alter the *Platform* on Which He Can Make Sentencing Pleas" in the pending case before the court, *i.e.*, present a criminal history to the sentencing judge that takes into account that his 1995 conviction was vacated.

## STANDARDS

The common law writs of Audita Querela and Coram Nobis survive "only to the extent they fill in gaps in the current systems of post-conviction relief." Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007). Such writs are inappropriate if the requested relief is available under 28 U.S.C. § 2255. United States v. Gamboa, 608 F.3d 492 (9th Cir. 2011).

A Writ of Coram Nobis may issue only if all of the following elements are met: "(1) a more usual remedy is not available;

(2) valid reasons exist for not attacking the conviction earlier;

(3) adverse consequences exist from the conviction sufficient

to satisfy the case or controversy requirement of Article III;

and (4) the error is of the most fundamental character." U.S. v.

Riedl, 496 F.3d 1003, 1006 (9th Cir. 2007)(emphasis added).

A Writ of Audita Querela is available as a remedy in claims

that are not cognizable under a 28 U.S.C. § 2255 habeas petition,

but, as with Writs of Coram Nobis, "serve to fill in 'gaps' in

the current systems of post-conviction relief." Carrington v.

U.S., 503 F.3d 888, 890 (9th Cir. 2007). "The writ of audita

querela provides relief from the consequences of a conviction

when a defense or discharge arises subsequent to entry of the

final judgment. The defense or discharge must be a legal defect

in the conviction or in the sentence which taints the conviction.

Doe v. INS, 120 F.3d at 203 (quoting United States v. Johnson,

962 F.2d 579, 582 (7th Cir. 1992)).

### DISCUSSION

**Writ of Coram Nobis.**

Defendant contends a Writ of Coram Nobis is an appropriate

remedy because the 1998 drug trafficking conviction "informed and

shaped the very nature of the 1998 proceeding itself." As such,

it gave a "false view" of petitioner as a drug trafficker rather

than merely a drug user. According to defendant, that false view

"informed and shaped the very nature of the 1998 proceeding,"
thereby making the error "fundamental" in character.

The government disagrees, contending the Writ of <u>Coram</u> <u>Nobis</u>
remedy is not available because defendant's 1998 conviction was
not subject to an error "of the most fundamental character," in
that it did not call into question the validity of the proceeding
itself.  See <u>United States v. Addonizio</u>, 442 U.S. 178, 186
(1979):

> Coram nobis was available to bring before the
> court that pronounced the judgment errors in
> matters of fact which had not been put in
> issue or passed upon and <u>were material to the</u>
> <u>validity and regularity of the legal</u>
> <u>proceeding itself</u>; as where the defendant,
> being under age, appeared by attorney, or the
> plaintiff or defendant was a married woman at
> the time of commencing the suit, or died
> before verdict or interlocutory judgment.

(Emphasis added).

The court agrees with the government that defendant
questioned the validity a prior conviction in 1995 and its impact
on the sentence he received as a result of the 1998 conviction.
The validity of the 1998 conviction, however, was not at issue.
Under these circumstance, the court agrees with the government
that the remedy arising from a Writ of <u>Coram</u> <u>Nobis</u> is not
available to challenge the sentence imposed by the court in 1998.
<u>Lowery v. United States</u>, 956 F.2d 227, 230 (11th Cir. 1992).

If defendant seeks consideration of the above circumstances
at the time he is sentenced on the illegal reentry charge, the

5 - OPINION AND ORDER

appropriate course of action for him to take is to seek a variance or a downward departure under 18 U.S.C. § 3553(e).

Based on the above, the court agrees with the government that defendant's challenge to the 1998 California sentencing proceeding does not implicate the validity of the proceeding itself and, therefore, the extraordinary remedy sought by defendant under the Writ of Coram Nobis is unavailable to defendant.

**Writ of Audita Querela.**

In the modern era, the Writ of Audita Querela, similar to the Writ of Coram Nobis, "survive[s] 'only to the extent [it] fills in gaps in the current systems of post-conviction relief." Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007). It serves to provide relief "from the consequences of a conviction when a defense or discharge arises subsequent to the entry of the final judgment. The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction." U.S. v. Crowell, 374 F.3d 790, 795 (9th Cir, 2004). The issue now raised by defendant does not implicate a legal defect in the 1998 conviction itself, and the sentence which arose from it at that time.

Again, the court agrees with the Government that the "more usual remedy" available to defendant is his ability to urge the

court, in its discretion, at the time of sentencing, to address the issues he raises in the pending Petitions.

## CONCLUSION

For the reasons stated above, the court **DENIES** defendant's Petition for Writ of Audita Querela, or in the alternative, for Writ of Coram Nobis (doc. 50).

IT IS SO ORDERED.

DATED this __13__ day of January, 2012.

Malcolm F. Marsh
United States District Judge

7 - OPINION AND ORDER